# In the United States Court of Federal Claims

| | |
|---|---|
| ALAMO CITY ENGINEERING SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 25-cv-579<br><br>Filed: November 5, 2026 |

**MEMORANDUM AND ORDER**

This Memorandum and Order concerns Plaintiff Alamo City Engineering Services, Inc.'s (Plaintiff) Motion to Amend its Complaint to add a new count, alleging that Defendant United States (Defendant) constructively changed the contract at issue in this Contract Disputes Act action. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion.

**BACKGROUND**

On April 2, 2025, Plaintiff filed its Complaint in this action and Defendant subsequently moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6). ECF No. 1 (Complaint or Compl.); ECF No. 13 (Motion to Dismiss). In a July 21, 2026 Memorandum and Order,[1] this Court granted in part and denied in part Defendant's Motion to Dismiss, dismissing Count I of Plaintiff's Complaint, a defective specifications claim alleging that the contract contained deficient and inaccurate descriptions of the work to be done. *Alamo City*, 182 Fed. Cl. at 589–90, 598–99.

[1] Familiarity with this Court's July 21, 2026 Memorandum and Order, detailing the parties' underlying dispute, is presumed. ECF No. 31; *Alamo City Eng'g Servs., Inc. v. United States*, 182 Fed. Cl. 584 (Fed. Cl. 2026).

Two months later, on September 22, 2026, the parties filed a Joint Preliminary Status Report in which Plaintiff indicated that it intended to move to amend its Complaint. ECF No. 33, at 4 (JPSR). On September 25, 2026, Plaintiff filed such a motion, attaching a Proposed Amended Complaint. ECF No. 35 (Motion or Mot.). In its Proposed Amended Complaint, Plaintiff seeks to remove its now-dismissed Count I from its original Complaint, renumber its original Count II to become Count I, and add a new Count II asserting that Defendant constructively changed the contract at issue. Mot. at 2; ECF No. 35-1 ¶¶ 34–45 (Proposed Amended Complaint or Proposed Am. Compl.). Plaintiff also seeks to add details to its factual allegations. Proposed Am. Compl. ¶¶ 13–15, 18, 24, 29. Defendant objects to the addition of Plaintiff's proposed Count II. ECF No. 38 (Resp.)

## **APPLICABLE LEGAL STANDARD**

The grant or denial of a motion to amend pleadings is within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971); *Square One Armoring Servs. Co. v. United States*, 152 Fed. Cl. 536, 544 (Fed. Cl. 2021). Rule 15(a)(2) directs that the Court "should freely give leave" to a party to amend its pleading "when justice so requires." The Supreme Court has emphasized that Rule 15(a)(2)'s "mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Te-Moak Bands of W. Shoshone Indians v. United States*, 948 F.2d 1258, 1260 (Fed. Cir. 1991). This Rule "liberally provide[s] for amendments of the complaint." *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1158 (Fed Cir. 2014). "In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182. Such "apparent or declared reasons" for denying leave to amend include, as is relevant here, futility of amendment, bad faith or dilatory motive, and undue delay. *Id.*; *Te-Moak*, 948 F.2d at 1260–61.

## DISCUSSION

Defendant presents three arguments against granting leave to amend. First, that Plaintiff's proposed amendment would be futile, Resp. at 3–8; second, that Plaintiff's conduct betrays a "questionable purpose," *id.* at 9–10; and third, that granting leave to amend would unduly delay proceedings, *id.* None of these arguments are availing.

### I. Futility

*First*, Defendant contends that Plaintiff's proposed amendment is futile because (i) Plaintiff's proposed constructive change claim was not presented to the contracting officer, and (ii) the proposed claim is "implausible" considering the Court's dismissal of Plaintiff's prior defective specifications claim. Resp. at 3–8. "When a party faces the possibility of being denied leave to amend on the ground of futility, that party must demonstrate that its pleading states a claim on which relief could be granted, and it must proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006). To succeed on a motion to amend a complaint, a plaintiff's amended complaint must be able to withstand a motion to dismiss. *Solano v. United States*, 164 Fed. Cl. 792, 801 (Fed. Cl. 2023). This means that Plaintiff's Proposed Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

#### A. Claim Presentment to the Contracting Officer

Defendant argues that Plaintiff's new constructive change claim in Count II of its Proposed Amended Complaint is futile because Plaintiff allegedly did not initially present the claim to the

contracting officer. Resp. at 4. The Contract Disputes Act requires that each claim in this Court "must be 'based on the same claim previously presented to and denied by the contracting officer.'" *Scott Timber Co. v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003) (quoting *Cerberonics, Inc. v. United States*, 13 Cl. Ct. 415, 417 (Cl. Ct. 1987)); *accord* 41 U.S.C. § 7103(a)(1). The Plaintiff need not, however, use the exact language or structure of the original claim. *Scott Timber*, 333 F.3d at 1365. Instead, a claim is considered to be the same as one presented to the contracting officer so long as it arises from the same operative facts and claims essentially the same relief, even if it asserts a different legal theory of recovery. *Id.* "All that is required is that the contractor submit . . . a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." *Id.* (quoting *Cont. Cleaning Maint., Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987)); *accord K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1005 (Fed. Cir. 2015).

Plaintiff's Proposed Amended Complaint satisfies both requirements here. In fact, the operative facts and relief requested by Plaintiff's new, proposed constructive change claim are the same as in its original defective specifications claim, which it is replacing. *Compare* Compl. ¶¶ 10, 27, 32, 35, *with* Proposed Am. Compl. ¶¶ 10, 27, 36. To that end, Plaintiff's proposed amendment alleges that Defendant inaccurately detailed the environment where the software was to be deployed. Proposed Am. Compl. ¶¶ 10, 27. Specifically, Plaintiff contends that Defendant set up the software in an Internet Demonstration and Evaluation System (IDES) services environment rather than the expective operative environment. *Id.* Plaintiff alleges that this setup difference required work beyond what the contract originally contemplated. *Id.* ¶ 27. Plaintiff further complains that the number of classroom training sessions Defendant required it to perform exceeded the 30 sessions provided for in the contract. *Id.* Plaintiff's requested relief is the alleged

cost of this additional work, $3,805,934.12. *Id.* at 7. Importantly, prior to filing, Plaintiff presented these facts to the contracting officer and requested the same relief. ECF No. 38-1, at 24 (App. in Support); Resp. at 3. Specifically, Plaintiff "request[ed] payment of $3,805,934.12" for a number of items of alleged misconduct by Defendant, which included "inaccurate description of SAP Internet Demonstration and Evaluation System (IDES) services" and "inaccurate description of SAP classroom sessions to be performed." App. in Support at 24; Resp. at 3.

Defendant contends that Plaintiff's new, proposed Count II constructive change claim differs from those claims Plaintiff presented to the contracting officer for two reasons, and that such differences are dispositive here. First, Defendant asserts that Plaintiff failed to adequately itemize its damages when it presented them to the contracting officer. Resp. at 3–4. Second, Defendant argues that Plaintiff failed to reference in its Proposed Amended Complaint additional information that it had provided to the contracting officer after submitting its certified claim—a spreadsheet listing its damages calculations. *Id.* at 4–5; *see also* App. in Support at 29. However, Defendant's purported "differences" are immaterial here, as the contracting officer would have been well-aware of the basis of Plaintiff's claim from what Plaintiff submitted. *See* App. in Support at 24. Indeed, at bottom, Defendant's asserted "differences" amount to a mere disagreement about form. It is well-established, however, that Plaintiff was not required to submit its claim "in any particular form or [to] use any particular wording." *Scott Timber*, 333 F.3d at 1365 (quoting *Cont. Cleaning*, 811 F.2d at 592). It needed only to "give[] the contracting officer adequate notice of the basis and amount of the claim." *Id.* (quoting *Cont. Cleaning*, 811 F.2d at 592). Plaintiff clearly did so here. Plaintiff unequivocally presented to the contracting officer its allegations concerning the incorrect IDES service environment, the surplus of classroom sessions, and its requested relief of $3,805,934.12 for resulting costs. App. in Support at 24; Resp. at 3.

The Proposed Amended Complaint similarly complains of the incorrect IDES service environment and surplus of classroom sessions, and requests relief of $3,805,934.12 for resulting costs. Proposed Am. Compl. ¶¶ 36; *id.* at 9. Based on this record, there is no question that the contracting officer would reasonably be on notice of the basis and amount of Plaintiff's claim.

Defendant further asserts that Plaintiff now presents a different claim in its Proposed Amended Complaint than the one it presented to the contracting officer because the proposed new claim purportedly does not match the justification for amending its Complaint that Plaintiff's counsel had previously presented to Defendant's counsel. Resp. at 6; *see also* App. in Support at 30. This, however, is irrelevant to the pre-filing requirement that Plaintiff present its claim to the contracting officer. Although Plaintiff's counsel's communications with Defendant's counsel during litigation could potentially shed light on whether Plaintiff acted in bad faith or with a dilatory motive, it bears no weight on whether the contracting officer was on notice of the basis and amount of the claim that Plaintiff now presents to this Court.

**B. Capable of Withstanding a Motion to Dismiss**

Defendant further contends that the Court should deny Plaintiff's Motion to Amend on futility grounds as Plaintiff purportedly fails to allege specific contract requirements that it contends Defendant urged it to exceed. *Id.* at 7. Specifically, Defendant ties Plaintiff's newly proposed Count II constructive change claim to its original Count I defective specifications claim that this Court previously dismissed, labeling them "two sides of the same coin." *Id.* Accordingly, Defendant asserts that Plaintiff's proposed Count II is "implausible" and would not withstand a motion to dismiss. *Id.*

"A constructive change occurs where a contractor performs work beyond the contract requirements without a formal order, either by an informal order or due to the fault of the Government." *Int'l Data Prods. Corp. v. United States*, 492 F.3d 1317, 1325 (Fed. Cir. 2007).

This is distinguished from a defective specifications claim, which requires that "a government contract contain[] detailed design specifications." *Alamo City*, 182 Fed. Cl. at 599 (quoting *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1344 (Fed. Cir. 2008)). As Plaintiff correctly argues, this brings Plaintiff's new, proposed constructive change claim out of the ambit of this Court's dismissal of its previous defective specifications claim. ECF No. 42, at 3; *see also Alamo City*, 182 Fed. Cl. at 602 ("The Court does not consider whether Plaintiff has pled any other type of constructive change . . . .").

To withstand a motion to dismiss its constructive change claim, and thus avoid futility, Plaintiff need not allege that the contract provided for detailed design specifications. *See Alamo City*, 182 Fed. Cl. at 599. Rather, Plaintiff must allege "(1) that it performed work beyond the contract requirements, and (2) that the additional work was ordered, expressly or impliedly, by the government." *Bell/Heery v. United States*, 739 F.3d 1324, 1335 (Fed. Cir. 2014). Plaintiff has met this burden. In determining whether Plaintiff's Proposed Amended Complaint would withstand a motion to dismiss, and thus avoid futility, this Court must accept all factual allegations in the Proposed Amended Complaint as true and construe them in the light most favorable to Plaintiff. *Boyd v. United States*, 134 F.4th 1348, 1352 (Fed. Cir. 2025). Plaintiff alleges in its Proposed Amended Complaint that (1) the unexpected IDES environment made it necessary for Plaintiff to perform more work to fulfill the contract requirements than contemplated in its solicitation or the contract itself, and it performed more classroom sessions than required by the contract, and (2) Defendant required it to perform this extra work. Proposed Am. Compl. ¶¶ 13–14, 36–38. Plaintiff has plainly pleaded a valid constructive change claim in its Proposed Amended Complaint that would, based on the above-referenced standards, survive a motion to

dismiss; accordingly, the proposed claim is not futile. *Boyd*, 134 F.4th at 1352; *Bell/Heery*, 739 F.3d at 1335; *see Solano*, 164 Fed. Cl. at 801.

## II. Bad Faith

*Second*, Defendant argues that the Court should deny the Motion to Amend because Plaintiff's conduct purportedly betrays a "questionable purpose." Resp. at 9. The Court understands Defendant to argue that Plaintiff's Motion is lodged in bad faith or with a dilatory motive. In support of its contention, Defendant lays out the timeline following this Court's July 21, 2026, dismissal of Count I of Plaintiff's original Complaint. Resp. at 9. According to Defendant, nine days later, on July 30, Plaintiff's counsel contacted Defendant's counsel to set up a call to discuss the case. *Id.* During the call, which the parties held on August 5, Plaintiff's counsel informed Defendant's counsel that it intended to move to amend its Complaint. *Id.* Plaintiff's counsel reiterated this intent by email on September 8, sent Defendant's counsel its draft Motion on September 11, and sent a rationale for the motion on September 16. *Id.* Plaintiff filed its Motion on September 25, as directed by the Court. ECF No. 34; Mot. Defendant does not provide any further argument or facts in support of its assertion that Plaintiff acted in bad faith or with a dilatory motive. It merely states that "the Court may infer [Plaintiff's] motive from" this course of conduct. Resp. at 10. "[W]hether bad faith exists is a factual inquiry," and Defendant points to no facts which specifically betray bad faith or a dilatory motive. *Square One*, 152 Fed. Cl. at 549. To the contrary, Plaintiff acted promptly to notify Defendant that it intended amend its Complaint, and, although it may not have provided a draft motion or the basis for moving as quickly as Defendant would have liked, any perceived delay here or change in legal strategy was not unreasonable and does not demonstrate bad faith or a dilatory motive. Resp. at 9. Accordingly, without more, this Court declines to hold that Plaintiff acted in bad faith or with a dilatory motive. *See Square One*, 152 Fed. Cl. at 549.

### III. Undue Delay

*Third*, Defendant argues that granting Plaintiff's Motion would result in undue delay. Resp. at 9. Defendant points again to Plaintiff's conduct following the Court's ruling on Defendant's Motion to Dismiss. *Id.* Defendant emphasizes that Plaintiff did not file the present Motion until over two months after that decision, and only first raised the possibility of amending its Complaint several weeks after the ruling. *Id.* Similar to the contention that the new constructive change claim is implausible, Defendant also asserts that granting Plaintiff's Motion would result in prejudice "by relitigating an issue that the Court has already resolved"; however, it does not provide further detail apart from this bare assertion. *Id.* at 10.

Defendant has failed to carry its burden of demonstrating that undue prejudice will result from granting Plaintiff's Motion. *Square One*, 152 Fed. Cl. at 550. To demonstrate undue prejudice, a party must show that "severe disadvantage or inability to present facts or evidence; necessity of conducting extensive research *shortly before trial* due to the introduction of new evidence or legal theories; or excessive delay that is *unduly* burdensome" will result. *Id.* at 549–50 (emphasis in original) (quoting *St. Paul Fire & Marine Ins. Co. v. United States*, 31 Fed. Cl. 151, 153 (Fed. Cl. 1994)). Defendant has failed to do so; indeed, it has merely asserted that prejudice will result. Resp. at 10. "Mere annoyance and inconvenience[,] . . . however, are insufficient bases to warrant a denial of a motion to amend." *Id.* at 550 (alterations in original) (quoting *St. Paul*, 31 Fed. Cl. at 153).

Defendant's failure to demonstrate undue prejudice, however, does not end this Court's inquiry. Despite the liberal standard that Rule 15(a)(2) establishes, a court may deny a motion to amend even without a demonstration of prejudice. *Te-Moak*, 948 F.2d at 1262. This, however, is typically limited instances of "significant delay" or circumstances involving "multiple earlier amendments." *Id.* at 1262–63. In *Te-Moak*, for instance, the Federal Circuit refused to grant leave

to amend after a delay of eight years. *Id.* at 1263. This is a far cry from the two months between this Court's dismissal of Plaintiff's defective specifications claim and Plaintiff's lodging of its current Motion to add a constructive change claim. Furthermore, it is evident that Plaintiff did not artificially delay its filing, and it has not previously amended its Complaint, or any other filing. Indeed, soon after this Court's ruling, Plaintiff diligently notified the Court in its JPSR that it intended to move to amend its Complaint. JPSR at 4. Defendant even acknowledges that Plaintiff contacted it nine days after the Court's dismissal to set up a call and that on this call, merely six days later, they discussed the Motion. Resp. at 9. Finally, the parties have not yet moved for summary judgment on any claim and are far from even the potential of trial in this case. This passage of just over two months, especially in light of Plaintiff's active communications with Defendant, does not come close to constituting a "significant delay" that outweighs the liberal standard of Rule 15(a)(2). *Te-Moak*, 948 F.2d at 1263.

## CONCLUSION

Accordingly, for the reasons stated above Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 35) is **GRANTED**. By **November 12, 2026**, Plaintiff shall **FILE** its Proposed Amended Complaint (ECF No. 35-1) on the docket as an Amended Complaint.

IT IS SO ORDERED.

Eleni M. Roumel

ELENI M. ROUMEL
Judge

November 5, 2026
Washington, D.C.